

FILED

NOV 19 2018

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JARROD GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-02447 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), mandating dismissal of a complaint which fails to state a claim upon which relief can be granted.

Plaintiff is a prisoner designated to the California Substance Abuse Treatment Facility and State Prison, located in Corcoran, California. Compl. at caption. He sues the United States for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. *Id.* at 1. More specifically, plaintiff seeks to renounce his status as a U.S. citizen pursuant to 8 U.S.C. § 1481(a)(6). *Id.* at 3. He attests that he submitted a formal renunciation to United States Citizenship and Immigration Services ("USCIS") however, he explains that cannot complete the renunciation process because he is incarcerated and cannot appear for a required in-person interview at a USCIS facility. *Id.* at 2–3; *see* 8 U.S.C. § 1481(a)(5). Plaintiff alleges that he has been denied the fundamental "right of renunciation" because his incarceration prevents him from attending an interview and/or from

1

renouncing by alternative means. Compl. at 2, 4. He seeks declaratory and injunctive relief awarding him the right to renounce. *Id.* at 5.

This Court, in addition to many others, has addressed circumstances nearly identical to those applicable to plaintiff. *See, e.g., Kwok Sze v. Johnson*, 172 F. Supp. 3d 112, 121–2 (D.D.C. 2016); *Koos v. Holm*, 204 F. Supp. 2d 1099, 1108 (W.D. Tenn. 2002); *Scott v. United States*, No. 1:13–CV–2030 LJO–BAM, 2014 WL 2807652, at *3 (E.D. Cal. June 20, 2014); *Frazier v. U.S. Citizenship & Immigration Servs.*, No. 12–CV–14533, 2012 WL 5392317, at *1 (E.D. Mich. Nov. 5, 2012); *Taylor v. U.S. Dep't of State*, No. 1:10–CV–01892 LJO, 2010 WL 4225535, at *3 (E.D. Cal. Oct. 20, 2010); and *Duncan v. U.S. Dep't of State*, No. 7:08–CV–00564, 2008 WL 4821323, at *2 (W.D. Va. Oct. 30, 2008). Courts have uniformly held that an incarcerated U.S. citizen has no constitutional right to renounce his U.S. citizenship during the course of his incarceration. *See id.* It is well established that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights" as part of the penalty for one's criminal conviction. *Price v. Johnston*, 334 U.S. 266, 285 (1948).

As long as plaintiff is incarcerated, he may not exercise his right under Section 1481(a)(6) to abandon his citizenship. *See Sluss v. U.S. Citizenship & Immigration Servs.*, 899 F. Supp. 2d 37, 42 (D.D.C. 2012). ("As long as plaintiff is incarcerated in the United States, he cannot lose his nationality and, thus, does not qualify for a [Certificate of Loss of Nationality]."). Therefore, plaintiff has failed to establish any protected liberty interest and his §1983 claims must fail. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 829 (1985); *see also Bagguley v. Bush*, 953 F.2d 660, 662 (D.C. Cir. 1991).

To the extent that plaintiff challenges USCIS procedure under the Administrative Procedures Act ("APA"), such claims also must fail. *See, e.g.*, Compl. at 4. Courts have

consistently held that the requirements for an in-person renunciation interview is neither arbitrary nor capricious. *See e.g., Kwok Sze*, 172 F. Supp. 3d at 120 (citing cases). "Citizenship is such a prized asset that USCIS is reasonable to insist on an interview in order to ascertain the bona fides, mental competence, and true voluntariness of those who are seeking to renounce." *Turner v. Beers*, 5 F. Supp. 3d 115, 120 (D.D.C. 2013). It is within the discretion committed by law to USCIS that the agency require a renunciant to make his renunciation of nationality in-person at a designated USCIS office. *Kwok Sze*, 172 F. Supp. 3d at 120 (citing *Kaufman v. Mukasey*, 524 F.3d 1334, 1338 (D.C. Cir. 2008)).

As such, the complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. An Order consistent with this Memorandum Opinion is issued separately.

/s/ Amit Mehta
United States District Judge

Date: November 16, 2018